UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATRINA BAUER,

    Plaintiff,                        CIVIL ACTION NO. 06-15495

v.                                  DISTRICT JUDGE ROBERT H. CLELAND
                                          MAGISTRATE JUDGE DONALD A. SCHEER

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial evidence on the record that claimant retained the residual functional capacity for a limited range of sedentary work providing a sit-stand option.

\*   \*   \*

Plaintiff filed an application for Social Security disability insurance benefits on December 10, 2002, alleging that she had been disabled and unable to work since August 5, 2002, at age 44, due to severe pain, numbness, hand tremors and mental depression. Benefits were denied, initially and upon reconsideration, by the Social Security Administration (SSA). A requested de novo hearing was held on May 18, 2005, before Administrative Law Judge (ALJ) Regina Sobrino. The ALJ subsequently found that the claimant was not entitled to disability benefits because she retained the ability to perform a restricted range of sedentary work providing a sit-stand option. The Law Judge determined that Plaintiff was unable to drive, climb ladders or use foot controls. The ALJ

found that the claimant was further limited to simple, routine tasks, and could not be exposed to either hazards or vibrations. Furthermore, the Law Judge restricted her to jobs that did not require her to kneel, crouch, crawl or lift above shoulder level. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 46 years old at the time of the hearing. She had been graduated from high school, and had been employed by General Motors as an electrician during the relevant past (TR 70, 386-387). As an electrician, Plaintiff alternated between sitting and standing for most of the workday. She constantly had to handle, grip and manipulate large and small objects. She lifted up to 50 pounds on a regular basis (TR 71).

Claimant stopped working in August 2002, due to fibromyalgia, carpal tunnel syndrome, neck and back pain, hand tremors and mental depression (TR 387). She testified that periodic flare-ups of fibromyalgia prevented her from handling objects and remaining on her feet for prolonged periods (TR 387, 390). Plaintiff explained that she was extremely limited in her ability to sit, stand, walk, lift or use her hands (TR 391). Claimant estimated that she could sit for 15 minutes, stand 15 minutes, walk only short distances and lift about ten pounds (TR 387-388). She added that she frequently needed to lie down to get any pain relief (TR 393). Plaintiff stated that she had trouble performing household chores and grocery shopping (TR 393-394). Other impairments which the claimant said prevented her from returning to work included a poor memory, an inability to concentrate and a short attention span (TR 397).

A Vocational Expert, Roxanne Minkus, classified Plaintiff's past work as medium, semi-skilled activity (TR 403). The witness testified that there would be no jobs that claimant could perform if her testimony were found to be fully credible[1] (TR 419). If she were capable of sedentary work, there were numerous unskilled cashier, parking attendant and informational clerk jobs that Plaintiff could perform with minimal vocational adjustment (TR 414-415). These jobs provided a sit-stand option, and did not require any driving, climbing, kneeling, crouching or crawling. They involved simple, routine tasks, and would not expose her to vibrations or hazards. The jobs were not fast paced, and did not involve lifting above shoulder level (TR 412).

LAW JUDGE'S DETERMINATION

The Law Judge found that Plaintiff was impaired during the relevant past as a result of degenerative disc disease of the cervical and lumbosacral spine, carpal tunnel syndrome, fibromyalgia and mental depression, but that these impairments were not severe enough to meet the Listing of Impairments. The ALJ recognized that the claimant's joint pain precluded her from performing jobs requiring prolonged sitting, standing or walking. She further found that Plaintiff was restricted to simple, routine tasks. The ALJ limited claimant to jobs that did not require any climbing, driving or exposure to vibrations or hazards. The jobs were not to be fast paced, and were not to require lifting above shoulder level. Judge Sobrino determined that the claimant retained the residual functional capacity to perform a reduced range of sedentary work within those limitations, as identified by the Vocational Expert.

---

[1] The witness explained that Plaintiff's alleged inability to concentrate in order to complete tasks in a timely manner would preclude all work activity (TR 419).

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc); Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

In the instant case, Plaintiff contends that her multiple joint pain and mental depression was severe enough to preclude her from all work activity. The law is clear, however, that the mere existence of an impairment, even a severe one, will not entitle the claimant to disability benefits unless the impairment prevents her from returning to her previous work or any other substantial, gainful activity existing in the national economy,

considering her age, education and work experience. 42 U.S.C. § 423(d)(2)(A), 20 C.F.R. § 404.1505 (2007).

DISCUSSION AND ANALYSIS

Plaintiff does not challenge the ALJ's determination that she retained the physical ability to perform sedentary work. However, she maintains that the Law Judge failed to take into consideration her moderate limitations in concentration, persistence and pace. The claimant acknowledges that the Law Judge restricted her to simple, routine work, but she argues that this limitation does not accommodate her inability to complete work in a timely manner or work at a normal pace. (Plaintiff's Brief in Support of Summary Judgment at pp 10-14).

I am persuaded that substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual mental functional capacity for a restricted range of simple, routine sedentary work. Contrary to Plaintiff's assertion, the medical evidence did not support her allegations of totally disabling functional limitations stemming from her depressive disorder. The ALJ's decision was consistent with the specific limitations imposed by the physicians of record.

Dr. H. Tien, a state agency psychiatrist who reviewed the medical evidence, reported in May 2003, that Plaintiff suffered from a depressive disorder that caused mild limitations in her ability to perform daily activities and maintain social functioning (TR 137). Dr. Tien also found that the claimant had moderate limitations in her ability to maintain concentration, persistence and pace (TR 137). Despite these mild to moderate limitations, Dr. Tien concluded that Plaintiff could remember and carry out simple instructions. She could also sustain ordinary work routines without special supervision (TR 123). Another

state agency reviewer concluded that Plaintiff retained the residual functional capacity for a limited range of sedentary work (TR 146).

Noting that there was no contradictory medical evidence in the record, the ALJ adopted the state agency psychiatrist's medical opinion and found that the claimant retained the residual functional capacity to perform unskilled, sedentary work consisting of simple, routine tasks. Significantly, Plaintiff does not contest the ALJ's medical findings in this case, nor does she object to the medical opinions offered by the state agency reviewers. While the claimant suggests that the ALJ's residual functional capacity assessment should have included additional limitations, she does not point to any clinical finding in the medical record that would support further functional restrictions. Here, the ALJ properly took into consideration claimant's moderate memory, concentration and pace difficulties, and confined her to simple jobs that did not involve remembering or carrying out detailed instructions.

By establishing that she could not return to her past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that she had the vocational qualifications to perform alternative jobs in the economy, notwithstanding her various impairments. The Commissioner, however, met his burden of proving the existence of jobs which accommodated claimant's known restrictions. In response to a hypothetical question that took into consideration claimant's educational and vocational background, along with her significant impairments, the Vocational Expert testified that there were numerous unskilled cashier, parking attendant and informational clerk jobs that Plaintiff could perform with minimal vocational adjustment (TR 414-415). These jobs provided a sit-stand option, and did not require any driving, climbing, kneeling, crouching or crawling. They involved

simple, routine tasks, and were not considered to be fast paced[2] (TR 412). Given the objective clinical findings of the examining physicians of record, substantial evidence existed on the record that Plaintiff retained the residual functional capacity for a restricted range of sedentary work activity.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

---

[2]When cross-examined by Plaintiff's attorney, the Vocational Expert (VE) stated that the clerical, attendant and system monitor jobs were not production jobs (TR 419). In other words, these jobs did not require meeting quotas or completing specific tasks under strict time constraints. The ALJ's hypothetical question was sufficiently restrictive in that it limited the VE to sedentary jobs that were simple and routine, allowed a sit-stand option, and precluded production quotas.

*Note this especially, at the direction of Judge Cleland:* any objections must be labeled as "Objection #1," "Objection #2," etc.; any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

        s/Donald A. Scheer
        DONALD A. SCHEER
        UNITED STATES MAGISTRATE JUDGE

DATED: August 24, 2007

---

### CERTIFICATE OF SERVICE

I hereby certify on August 24, 2007 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on August 24, 2007. **None.**

        s/Michael E. Lang
        Deputy Clerk to
        Magistrate Judge Donald A. Scheer
        (313) 234-5217